# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1752

_____

United States of America,       *
                                     *

          Appellee,               *

                                       *     Appeal from the United States

      v.                            *     District Court for the

                                       *     Eastern District of Arkansas.

Paul Mitchell Lilly,               *

                                       *     [UNPUBLISHED]

          Appellant.             *

_____

Submitted: June 12, 2009
Filed:  June 22, 2009

_____

Before BYE, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Paul Lilly challenges the eighteen-month sentence he received following the district court's[1] determination Lilly violated the terms of his supervised release by, *inter alia*, threatening to harm an attorney by assaulting her with a padlock placed inside a sock. Lilly argues the district court erred in determining the threat constituted a felony under Arkansas law, triggering a Grade A violation of supervised release under U. S. Sentencing Guidelines Manual (U.S.S.G.) § 7B1.1, which recommends

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

a revocation term of 18-24 months. Lilly argues his eighteen-month sentence is therefore unreasonable. We affirm.

We reject Lilly's contention the district court should have viewed the padlock-in-a-sock threat as a Grade C violation of supervised release (with a recommended revocation term of 5-11 months) because the threat constituted a misdemeanor rather than a felony. Lilly's threat constituted felony terroristic threatening if he threatened "serious physical injury," Ark. Code Ann. § 5-13-301(a)(1)(A), while a threat of mere "physical injury" would be considered a misdemeanor. Id. at § 5-13-301(b)(1). Arkansas defines "physical injury" as "[i]mpairment of physical condition; . . . [i]nfliction of substantial pain; or . . . [i]nfliction of bruising, swelling, or a visible mark associated with physical trauma," Ark. Code Ann. § 5-1-102(14), whereas "[s]erious physical injury" is defined as "physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ." Id. at § 5-1-102(21).

The district court did not err in determining a beating with a padlock placed inside a sock could cause protracted disfigurement, protracted impairment of health, or a loss or protracted impairment of the function of a bodily member or organ, and thus satisfied the definition of serious physical injury. See, e.g., Lum v. State, 665 S.W.2d 265, 267 (Ark. 1984) (holding that three blows to the head with a fist resulting in fractures to the face and a five-day hospitalization was sufficient to support a finding of serious physical injury).

The District Court properly calculated the Guideline range and did not abuse its discretion in sentencing Lilly within such range.

We affirm.

_____